**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE. No. 8:26-cv-01022-MSS-TGW**

TONY GRYGO,

Plaintiff,

v.

PEGASUS TRANSTECH PARENT LLC;
PEGASUS TRANSTECH LLC D/B/A
TRANSFLO,

Defendants.
_________________________________________/

**PEGASUS TRANSTECH PARENT LLC AND PEGASUS TRANSTECH LLC d/b/a TRANSFLO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Pegasus TransTech Parent LLC ("**PT Parent**") and Pegasus TransTech LLC d/b/a Transflo ("**Transflo**") (collectively "**Defendants**"), by and through undersigned counsel, hereby submit their Answer and Affirmative Defenses to Plaintiff Tony Grygo's ("**Plaintiff**") First Amended Complaint ("**Complaint**").

**ANSWER**

Defendants deny each and every allegation not specifically admitted herein. Defendants further deny that Plaintiff is entitled to any relief whatsoever and state as to each correspondingly numbered paragraph of the Complaint as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff purports to bring claims under the ADA, ADEA, and for breach of contract and unpaid wages under Florida common law, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

2. Paragraph 2 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants admit that venue is proper in this Court but deny that Plaintiff has stated a claim or is otherwise entitled to any relief whatsoever.

## PARTIES

3. Defendants admit Paragraph 3 of the Complaint.

4. Defendants admit that Transflo operates a businessin Hillsborough County, Florida. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

5. Paragraph 5 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny same and demand strict proof thereof.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, including any fee arrangements between Plaintiff and his attorney, and therefore deny same.

7. Defendants admit that Plaintiff's Complaint requests a jury trial. Defendants deny any remaining allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint to the extent they state a legal conclusion, including any assertion regarding Plaintiff's status "within the meaning of the ADEA," and therefore no response is required. To the extent a response is deemed necessary, Defendants admit only that Plaintiff was employed by Transflo during certain relevant times, but deny that Plaintiff was an employee of PT Parent at any point in time. Defendants deny all remaining allegations of Paragraph 8 of the Complaint.

9. Defendants deny as stated the allegations in Paragraph 9 of the Complaint because it is not specified as to which singular Defendant the allegation is directed. Defendants further deny the allegations in Paragraph 9 of the Complaint to the extent they state a legal conclusion, including any assertion regarding Defendants status "within the meaning of the ADA, ADEA, and FCRA", and therefore no response is required. To the extent a response is deemed necessary, Defendants are unable to determine to which "Defendant" this allegation relates and therefore deny all allegations in this Paragraph.

## FACTS

10. Defendants deny as stated the allegations in Paragraph 10 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo admits that Plaintiff began working for Transflo on November 8, 2022, as a Regional Account Manager, and he worked in this capacity until February 1, 2024. Answering further, Defendants deny that Plaintiff ever performed work for PT Parent and therefore deny any allegations in Paragraph 10 of the Complaint as such allegations may relate to PT Parent. Defendants deny any remaining allegations in Paragraph 10 of the Complaint.

11. Defendants deny as stated the allegations in Paragraph 11 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo admits that Transflo agreed to pay Plaintiff a salary of $135,000 plus a commission potential. Defendants deny any remaining allegations in Paragraph 11 of the Complaint. Answering further, Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 11 of the Complaint as such allegations may relate to PT Parent.

12. Transflo admits the allegations in Paragraph 12 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 12 of the Complaint as such allegations may relate to PT Parent.

13. Defendants deny as stated the allegations in Paragraph 13 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo admits that Plaintiff was 52 years of age at the time Transflo terminated Plaintiff's employment. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 13 of the Complaint as such allegations may relate to PT Parent.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be deemed necessary, Defendants deny same and demand strict proof thereof.

15. Defendants deny the allegations in Paragraph 15 of the Complaint to the extent they state a legal conclusion, including any assertion regarding "integrated enterprises" and "joint employers," and therefore no response is required. To the extent a response is deemed necessary, Defendants admit only that Plaintiff was employed by Transflo during certain relevant times, but deny that Plaintiff was an employee of PT Parent. Defendants deny any remaining allegations in Paragraph 15 of the Complaint.

16. Transflo admits that Plaintiff's direct supervisor was Vice President of Account Management, Andy Oleson, beginning in January 2024. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 16 of the Complaint as such allegations may relate to PT Parent.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 related to Plaintiff's alleged

diabetes, and therefore denies same. Defendants deny all remaining allegations in Paragraph 17 of the Complaint.

18. Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny as stated the allegations in Paragraph 19 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 19 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 19 of the Complaint as such allegations may relate to PT Parent.

20. Defendants deny the allegations in Paragraph 20 of the Complaint to the extent they state a legal conclusion, including any assertion regarding Plaintiff's status as "a qualified individual with a disability within the meaning of the ADA," and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny as stated the allegations in Paragraph 21 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 21 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent

and therefore deny any allegations in Paragraph 21 of the Complaint as such allegations may relate to PT Parent.

22. Defendants deny as stated the allegations in Paragraph 22 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Transflo denies the remaining allegations in Paragraph 22 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 22 of the Complaint as such allegations may relate to PT Parent.

23. Transflo denies the allegations in Paragraph 23 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 23 of the Complaint as such allegations may relate to PT Parent.

24. Defendants deny as stated the allegations in Paragraph 24 of the Complaint, because Transflo admits the allegations in Paragraph 24 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 24 of the Complaint as such allegations may relate to PT Parent.

25. Defendants deny as stated the allegations in Paragraph 25 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Transflo denies the allegations in Paragraph 25 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and

therefore deny any allegations in Paragraph 25 of the Complaint as such allegations may relate to PT Parent.

26. Defendants deny as stated the allegations in Paragraph 26 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 26 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 26 of the Complaint as such allegations may relate to PT Parent.

27. Defendants deny as stated the allegations in Paragraph 27 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 27 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 27 of the Complaint as such allegations may relate to PT Parent.

28. Transflo denies the allegations in Paragraph 28 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 28 of the Complaint as such allegations may relate to PT Parent.

29. Defendants deny as stated the allegations in Paragraph 29 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 29 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent

and therefore deny any allegations in Paragraph 29 of the Complaint as such allegations may relate to PT Parent.

30. Defendants deny as stated the allegations in Paragraph 30 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo admits that Transflo terminated Mr. Reeves in December 2023. Transflo denies all remaining allegations in Paragraph 30 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 30 of the Complaint as such allegations may relate to PT Parent.

31. Defendants deny as stated the allegations in Paragraph 31 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 31 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 31 of the Complaint as such allegations may relate to PT Parent.

32. Transflo admits that Mr. Oleson had not previously managed a sales team at Transflo and that Mr. Oleson was six years younger than Plaintiff. Transflo denies any remaining allegations in Paragraph 32 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 32 of the Complaint as such allegations may relate to PT Parent.

33. Transflo admits that in January 2024, Plaintiff's quota was increased and that Plaintiff's salary played a part in the increase. Transflo denies the remaining allegations in Paragraph 33 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 33 of the Complaint as such allegations may relate to PT Parent.

34. Transflo admits that Plaintiff questioned the increased quota and the promotion decision. Transflo denies the remaining allegations in Paragraph 34 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 34 of the Complaint as such allegations may relate to PT Parent.

35. Transflo denies the allegations in Paragraph 35 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 35 of the Complaint as such allegations may relate to PT Parent.

36. Transflo denies the allegations in Paragraph 36 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 36 of the Complaint as such allegations may relate to PT Parent.

37. Defendants deny the allegations in Paragraph 37 of the Complaint to the extent they state a legal conclusion, including any assertion regarding a "protected activity under the ADA, ADEA, and FCRA," and therefore no response

is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny as stated the allegations in Paragraph 38 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Defendants deny the allegations in Paragraph 38 of the Complaint to the extent they state a legal conclusion and therefore no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 38 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 38 of the Complaint as such allegations may relate to PT Parent.

39. Defendants deny as stated the allegations in Paragraph 39 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo admits that Transflo terminated Plaintiff on February 1, 2024 and that the explanation offered to Plaintiff for his termination was that Plaintiff's performance was unsatisfactory and Transflo needed high-performance sales representatives. Transflo denies the remaining allegations in Paragraph 39 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 39 of the Complaint as such allegations may relate to PT Parent.

40. Defendants deny as stated the allegations in Paragraph 40 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph

40 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 40 of the Complaint as such allegations may relate to PT Parent.

41. Defendants deny as stated the allegations in Paragraph 41 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 41 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 41 of the Complaint as such allegations may relate to PT Parent.

42. Defendants deny as stated the allegations in Paragraph 42 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 42 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 42 of the Complaint as such allegations may relate to PT Parent.

43. Defendants deny as stated the allegations in Paragraph 43 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo admits that it did not pay Plaintiff's unearned commission following his termination pursuant to the applicable commission plan. Transflo admits that it did not pay Plaintiff a retention bonus following Plaintiff's termination. Transflo admits that Plaintiff remained employed through January 2024. Transflo denies any remaining allegations in Paragraph 43

of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 43 of the Complaint as such allegations may relate to PT Parent.

44. Defendants deny as stated the allegations in Paragraph 44 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo admits that it did not pay Plaintiff's unearned commission following his termination pursuant to the applicable commission plan. Transflo denies any remaining allegations in Paragraph 44 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 44 of the Complaint as such allegations may relate to PT Parent.

45. Defendants deny as stated the allegations in Paragraph 445 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 45 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 45 of the Complaint as such allegations may relate to PT Parent.

46. Defendants deny as stated the allegations in Paragraph 46 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo denies the allegations in Paragraph 46 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent

and therefore deny any allegations in Paragraph 46 of the Complaint as such allegations may relate to PT Parent.

47. Defendants deny as stated the allegations in Paragraph 47 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 47 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 47 of the Complaint as such allegations may relate to PT Parent.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 48 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 48 of the Complaint as such allegations may relate to PT Parent.

49. Defendants deny as stated the allegations in Paragraph 49 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo admits that Transflo terminated Plaintiff's employment, but denies any remaining allegations in Paragraph 49 of the Complaint, including that

Plaintiff engaged in a "protected activity," and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 49 of the Complaint as such allegations may relate to PT Parent.

50. Defendants deny as stated the allegations in Paragraph 50 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Transflo admits that out of sixty-four employees who were terminated during the timeframe of Plaintiff's employment, nearly half of those employees were under the age of 40 and the remaining half were over the age of 40. Transflo denies the remaining allegations in Paragraph 50 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 50 of the Complaint as such allegations may relate to PT Parent.

51. Defendants deny as stated the allegations in Paragraph 51 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 51 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 51 of the Complaint as such allegations may relate to PT Parent.

52. Defendants deny as stated the allegations in Paragraph 52 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 52 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 52 of the Complaint as such allegations may relate to PT Parent.

53. Defendants deny as stated the allegations in Paragraph 53 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 53 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 53 of the Complaint as such allegations may relate to PT Parent.

## COUNT I – BREACH OF CONTRACT

54. Defendants incorporate and re-allege their responses to Paragraphs 1 through 16, 28 through 35, 39, 43 through 49, and 51 through 53 of the Complaint.

55. Defendants deny as stated the allegations in Paragraph 55 of the Complaint, because Defendants are unable to determine to which "Defendant" this

allegation relates nor what the allegation alleges. To the extent there is an allegation in Paragraph 55 of the Complaint, Defendants deny same.

56. Defendants deny as stated the allegations in Paragraph 56 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates nor what the allegation alleges. Paragraph 56 of the Complaint also contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 56 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 56 of the Complaint as such allegations may relate to PT Parent.

57. Defendants deny as stated the allegations in Paragraph 57 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Further, the phrase "Defendant's contractual duty to became absolute…" is unclear and, therefore, Defendants are unclear as to what Paragraph 57 of the Complaint alleges. Notwithstanding, Transflo denies the allegations in Paragraph 57 of the Complaint, to the extent there are any, and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 57 of the Complaint as such allegations may relate to PT Parent.

58. Defendants deny as stated the allegations in Paragraph 58 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates nor what the allegation alleges. Paragraph 58 of the Complaint

also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 58 of the Complaint, demands strict proof thereof, and denies that Plaintiff is entitled to any relief whatsoever. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 58 of the Complaint as such allegations may relate to PT Parent.

Defendants admit that the unnumbered Paragraph following Paragraph 58 purports to demand a jury trial and judgment against Defendants for damages, costs and attorney's fees, and such further relief that this Court deems just, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

## **COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW**

59. Defendants incorporate and re-allege their responses to Paragraphs 1 through 16, 28 through 35, 39, 43 through 49, and 51 through 53 of the Complaint.

60. Transflo admits that Plaintiff was employed by Transflo from November 8, 2022 until February 1, 2024. Answering further, Defendants deny that Plaintiff ever performed work for PT Parent and therefore deny any allegations in Paragraph 60 of the Complaint as such allegations may relate to PT Parent. Defendants deny any remaining allegations in Paragraph 60 of the Complaint.

61. Transflo denies the allegations in Paragraph 61 of the Complaint. Answering further, Defendants deny that Plaintiff ever performed work for PT Parent and therefore deny any allegations in Paragraph 61 of the Complaint as such

allegations may relate to PT Parent. Defendants deny any remaining allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

Defendants admit that the unnumbered Paragraph following Paragraph 62 purports to demand a jury trial and judgment against Defendants for an amount equal to Plaintiff's alleged unpaid wages, costs and attorney's fees, and such further relief that this Court deems just, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

**COUNT III – ADA VIOLATION**

**(DISABILITY DISCRIMINATION)**

63. Defendants incorporate and re-allege their responses to Paragraphs 1 through 20, 24 through 36, 38 through 40, 42, 49, and 51 through 53 of the Complaint.

64. Paragraph 64 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny all allegations in Paragraph 63 of the Complaint.

65. Defendants deny as stated the allegations in Paragraph 65 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 65 of the Complaint and

demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 65 of the Complaint as such allegations may relate to PT Parent.

66. Defendants deny as stated the allegations in Paragraph 66 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates nor what the allegation alleges. Paragraph 66 of the Complaint also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 66 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 66 of the Complaint as such allegations may relate to PT Parent.

67. Defendants deny as stated the allegations in Paragraph 67 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates nor what the allegation alleges. Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 67 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 67 of the Complaint as such allegations may relate to PT Parent.

68. Defendants deny as stated the allegations in Paragraph 68 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 68 of the Complaint contains legal

conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 68 of the Complaint, demands strict proof thereof, and denies that Plaintiff is entitled to any relief whatsoever. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 68 of the Complaint as such allegations may relate to PT Parent.

Defendants admit that the unnumbered Paragraph following Paragraph 68 purports to demand a jury trial, an injunction against Defendants, compensation for lost wages, including back pay with interest, benefits, and other unspecified remuneration, reinstatement of Plaintiff, compensatory damages, punitive damages, prejudgment interest, costs and attorney's fees, and such further relief that this Court deems just, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

**COUNT IV – ADA RETALIATION**

32. Defendants incorporate and re-allege their responses to Paragraphs 1 through 20, 24 through 36, 38 through 40, 42, 49, and 51 through 53 of the Complaint.[1]

33. Defendants deny as stated the allegations in the second Paragraph 33 of the Complaint, because Defendants are unable to determine to which

[1] The Complaint misnumbers the paragraphs in Count IV. For purposes of clarity and to avoid confusion, Defendants respond to the misnumbered paragraphs as labeled in the Complaint.

"Defendant" this allegation relates. Notwithstanding, Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 33 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 33 of the Complaint as such allegations may relate to PT Parent.

34. Defendants deny as stated the allegations in the second Paragraph 34 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo admits that Plaintiff questioned Plaintiff's quota increase and a promotion Plaintiff thought Plaintiff was promised, but denies that Plaintiff ever engaged in a "protected activity." Transflo denies all remaining allegations in Paragraph 34 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 34 of the Complaint as such allegations may relate to PT Parent.

35. Defendants deny as stated the allegations in the second Paragraph 35 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo admits that it terminated Plaintiff's employment. Transflo denies all remaining allegations in Paragraph 35

of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 35 of the Complaint as such allegations may relate to PT Parent.

36. Defendants deny as stated the allegations in the second Paragraph 36 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 36 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 36 of the Complaint as such allegations may relate to PT Parent.

37. Defendants deny as stated the allegations in the second Paragraph 37 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 37 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 37 of the Complaint as such allegations may relate to PT Parent.

38. Defendants deny as stated the allegations in the second Paragraph 37 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Paragraph 38 of the Complaint also contains

legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 38 of the Complaint, demands strict proof thereof, and denies that Plaintiff is entitled to any relief whatsoever. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 38 of the Complaint as such allegations may relate to PT Parent.

Defendants admit that the unnumbered Paragraph following Paragraph 38 purports to demand a jury trial, declaratory judgment against Defendant, an injunction against Defendants, compensation for lost wages, including back pay with interest, benefits, and other unspecified remuneration, reinstatement of Plaintiff, compensatory damages, punitive damages, prejudgment interest, costs and attorney's fees, and such further relief that this Court deems just, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

**COUNT V – ADEA VIOLATION**

69. Defendants incorporate and re-allege their responses to Paragraphs 1 through 16, 21 through 36, 39, 41 through 42, and 49 through 53 of the Complaint.

70. Paragraph 70 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo admits that Plaintiff is an individual who is over 40 years of age and thus, a covered individual under the ADEA. Transflo denies any remaining allegations in Paragraph 70 of the Complaint. Defendants deny that Plaintiff was an employee of

PT Parent and therefore deny any allegations in Paragraph 70 of the Complaint as such allegations may relate to PT Parent.

71. Paragraph 71 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 71 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 71 of the Complaint as such allegations may relate to PT Parent.

72. Defendants deny as stated the allegations in the Paragraph 72 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 72 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 72 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 72 of the Complaint as such allegations may relate to PT Parent.

73. Defendants deny as stated the allegations in the Paragraph 73 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 73 of the Complaint, demands strict proof thereof, and denies that Plaintiff is entitled to any relief whatsoever. Defendants deny that Plaintiff was an employee of PT Parent and

therefore deny any allegations in Paragraph 73 of the Complaint as such allegations may relate to PT Parent.

Defendants admit that the unnumbered Paragraph following Paragraph 73 purports to demand a jury trial, an injunction against Defendants, compensation for lost wages, including back pay with interest, benefits, and other unspecified remuneration, reinstatement of Plaintiff, liquidated damages, prejudgment interest, costs and attorney's fees, and such further relief that this Court deems just, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

**COUNT VI – ADEA RETALIATION**

74. Defendants incorporate and re-allege their responses to Paragraphs 1 through 16, 21 through 36, 39, 41 through 42, and 49 through 53 of the Complaint.

75. Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo admits that Plaintiff is an individual who is over 40 years of age and thus, a covered individual under the ADEA. Transflo denies any remaining allegations in Paragraph 75 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 75 of the Complaint as such allegations may relate to PT Parent.

76. Defendants deny as stated the allegations in the Paragraph 76 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 76 of the Complaint contains legal

conclusions to which no response is required. To the extent a response is deemed necessary, Transflo admits that Plaintiff questioned Plaintiff's quota increase and a promotion decision, but denies that Plaintiff ever engaged in a "protected activity." Transflo admits that Plaintiff is over 40 years of age. Transflo denies all remaining allegations in Paragraph 76 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 76 of the Complaint as such allegations may relate to PT Parent.

77. Defendants deny as stated the allegations in the Paragraph 77 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 77 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo admits that it terminated Plaintiff's employment. Transflo denies all remaining allegations in Paragraph 77 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 77 of the Complaint as such allegations may relate to PT Parent.

78. Defendants deny as stated the allegations in the Paragraph 78 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 78 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of

PT Parent and therefore deny any allegations in Paragraph 78 of the Complaint as such allegations may relate to PT Parent.

79. Defendants deny as stated the allegations in the Paragraph 79 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Further, the phrase "In,…" appears incomplete. To the extent Paragraph 79 of the Complaint alleges that Transflo "took material adverse action against Plaintiff," this is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo denies that it took "material adverse action against Plaintiff" and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 79 of the Complaint as such allegations may relate to PT Parent.

80. Defendants deny as stated the allegations in the Paragraph 80 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 80 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 80 of the Complaint, demands strict proof thereof, and denies that Plaintiff is entitled to any relief whatsoever. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 80 of the Complaint as such allegations may relate to PT Parent.

Defendants admit that the unnumbered Paragraph following Paragraph 80 purports to demand a jury trial, an injunction against Defendants, compensation for lost wages, benefits, and other unspecified remuneration, reinstatement of Plaintiff, liquidated damages, prejudgment interest, costs and attorney's fees, and such further relief that this Court deems just, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

**COUNT VII – FCRA VIOLATION**

**(AGE AND DISABILITY DISCRIMINATION)**

81. Defendants incorporate and re-allege their responses to Paragraphs 1 through 36, 38 through 42, and 49 through 53 of the Complaint.

82. Paragraph 82 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo admits that Plaintiff is a member of a protected class under the FCRA. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 82 of the Complaint as such allegations may relate to PT Parent.

83. Paragraph 83 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 83 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore

deny any allegations in Paragraph 83 of the Complaint as such allegations may relate to PT Parent.

84. Defendants deny as stated the allegations in the Paragraph 84 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 84 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 84 of the Complaint as such allegations may relate to PT Parent.

85. Defendants deny as stated the allegations in the Paragraph 85 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 85 of the Complaint, demands strict proof thereof, and denies that Plaintiff is entitled to any relief whatsoever. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 85 of the Complaint as such allegations may relate to PT Parent.

Defendants admit that the unnumbered Paragraph following Paragraph 85 purports to demand a jury trial, an injunction against Defendants, compensation for lost wages, benefits, and other unspecified remuneration, reinstatement of

Plaintiff, compensatory damages, punitive damages, prejudgment interest, costs and attorney's fees, and such further relief that this Court deems just, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

**COUNT VIII – FCRA VIOLATION (RETALIATION)**

86. Defendants incorporate and re-allege their responses to Paragraphs 1 through 36, 38 through 42, and 49 through 53 of the Complaint.

87. Paragraph 87 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo admits that Plaintiff is a member of a protected class under the FCRA. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 87 of the Complaint as such allegations may relate to PT Parent.

88. Paragraph 88 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegation in Paragraph 88 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 88 of the Complaint as such allegations may relate to PT Parent.

89. Defendants deny as stated the allegations in the Paragraph 89 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 89 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed

necessary, Transflo admits that it terminated Plaintiff's employment. Transflo denies all remaining allegations in Paragraph 89 of the Complaint. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 89 of the Complaint as such allegations may relate to PT Parent.

90. Defendants deny as stated the allegations in the Paragraph 90 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Paragraph 90 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 90 of the Complaint and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 90 of the Complaint as such allegations may relate to PT Parent.

91. Defendants deny as stated the allegations in the Paragraph 91 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, to the extent Paragraph 91 of the Complaint alleges that Transflo "took material adverse action against Plaintiff," this is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Transflo denies that it took "material adverse action against Plaintiff" and demands strict proof thereof. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 91 of the Complaint as such allegations may relate to PT Parent.

92. Defendants deny as stated the allegations in the Paragraph 92 of the Complaint, because Defendants are unable to determine to which "Defendant" this allegation relates. Notwithstanding, Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Transflo denies the allegations in Paragraph 92 of the Complaint, demands strict proof thereof, and denies that Plaintiff is entitled to any relief whatsoever. Defendants deny that Plaintiff was an employee of PT Parent and therefore deny any allegations in Paragraph 92 of the Complaint as such allegations may relate to PT Parent.

Defendants admit that the unnumbered Paragraph following Paragraph 92 purports to demand a jury trial, declaratory judgment, compensation for lost wages, reinstatement of Plaintiff, front pay, compensatory damages, punitive damages, prejudgment interest, costs and attorney's fees, and such further relief that this Court deems just, but Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendants assert the following defenses below. Defendants reserve the right to amend or assert

additional affirmative defenses as further information becomes available.

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part, for failure to state a claim against Defendants upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's purported claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrines of laches, unclean hands, waiver, and estoppel.

**Third Affirmative Defense**

Plaintiff's claims against Pegasus TransTech Parent LLC ("PT Parent") are barred, in whole or in part, because PT Parent never employed Plaintiff, was not Plaintiff's employer, and had no employment relationship with Plaintiff at any relevant time. Plaintiff did not perform work for PT Parent, and PT Parent cannot be liable on any claim in the Complaint that depends on the existence of an employment or contractual relationship with Plaintiff.

**Fourth Affirmative Defense**

Plaintiff's claims against Pegasus TransTech Parent LLC ("PT Parent") are barred, in whole or in part, because PT Parent was not Plaintiff's employer, was not a joint employer of Plaintiff, and was not part of any integrated enterprise or single employer with Pegasus TransTech LLC d/b/a Transflo sufficient to impose liability for the acts alleged in the Complaint. PT Parent did not hire Plaintiff, did not supervise or control the terms and conditions of Plaintiff's employment, did not pay Plaintiff's wages or compensation, and did not make the decisions

challenged in the Complaint. Accordingly, PT Parent cannot be held liable on any claim premised on an employment relationship or employer status.

**Fifth Affirmative Defense**

Without waiving the Third and Fourth Affirmative Defenses, Defendants at all times acted in good faith with the reasonable belief that their actions complied with state and federal laws, and at no time willfully violated any of the laws pursuant to which Plaintiff brings the instant action.

**Sixth Affirmative Defense**

Without waiving the Third and Fourth Affirmative Defenses, Defendants at all times acted reasonably and in good faith in attempting to comply with any obligations they may have had under the ADA, the ADEA, and the FCRA, to Plaintiff. Accordingly, liquidated damages are not available to Plaintiff under the provisions of any applicable law.

**Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled, in whole or in part, to the relief and damages sought in the Complaint.

**Eighth Affirmative Defense**

To the extent that Plaintiff failed to mitigate, minimize, or avoid any damages, allegedly sustained, any recovery against Defendants must be reduced accordingly.

**Ninth Affirmative Defense**

Plaintiff's claims are barred in whole or in part, to the extent Plaintiff did not exhaust Plaintiff's administrative remedies.

**Tenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part, because all employment decisions concerning Plaintiff were based on valid, job-related, non-discriminatory grounds and were not the result of any intention or purpose, past or present, to discriminate or retaliate unlawfully because of Plaintiff's alleged age, disability, or for any other unlawful purpose.

**Eleventh Affirmative Defense**

Plaintiff's Complaint should be dismissed because all actions taken by Transflo with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

**Twelfth Affirmative Defense**

Any alleged damages suffered by Plaintiff were in no way caused by, or the result of, any fault, act, or omission by Defendants, but rather were caused by circumstances, persons, and/or entities for which and/or for whom Defendants are

not and may not be held responsible, including Plaintiff for which Defendants cannot be held liable.

**Thirteenth Affirmative Defense**

Without waiving the Third and Fourth Affirmative Defenses, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to timely notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

**Fourteenth Affirmative Defense**

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

**Fifteenth Affirmative Defense**

Without waiving the Third and Fourth Affirmative Defenses, Defendants have made good faith efforts to prevent retaliation in the workplace. Therefore, to the extent that any action related to Plaintiff was contrary to Defendants' efforts to comply with anti-retaliation statutes, Defendants cannot be liable for the decisions of its agents or for liquidated damages.

**Sixteenth Affirmative Defense**

Without waiving the Third and Fourth Affirmative Defenses, Plaintiff's claims are barred because, even if Defendants were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which

Defendants deny, Defendants would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factors.

**Seventeenth Affirmative Defense**

Plaintiff is not entitled to the relief requested in the Complaint because Defendants' actions were not malicious, egregious, in bad faith, or in reckless indifference or disregard of any legal rights of Plaintiff.

**Eighteenth Affirmative Defense**

Plaintiff's request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm. Plaintiff has an adequate remedy at law.

**Nineteenth Affirmative Defense**

Defendants reserve the right to assert any additional and further defenses as may be revealed by additional information received or as may be warranted by discovery.

**WHEREFORE** Defendants having fully answered the Complaint, pray the Court for relief as follows:

1. That Plaintiff recover nothing from Defendants and that Plaintiff's claims against Defendants be dismissed with prejudice.

2. That the costs of this action be taxed against Plaintiff;

3. That Defendants recover costs and reasonable attorneys' fees incurred in defending this action to the extent allowed by law; and

4. That this Court grant such other and further relief as the Court deems just and proper.

Dated: April 15, 2026

*/s/ April Boyer*
April Boyer*
Florida Bar No. 0168335
april.boyer@klgates.com
Claudia Marina Velasquez
Florida Bar No. 1032824
Claudia.Velasquez@klgates.com
**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, Florida 33131
Telephone: +1 305 539 3300
Facsimile: +1 305 358 7095

*Designated as Lead Counsel

*Attorneys for Defendants Pegasus Transtech Parent LLC and Pegasus Transtech LLC d/b/a Transflo*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record of pro se parties identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 15th day of April 2026.

*/s/ April Boyer*
April Boyer